UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-7786 PA (Ex) | Date | October 9, 2014 |
|---|---|---|---|
| Title | Rodolfo Andrade v. Staples, Inc., et al. | | JS-6 |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Julieta Lozano | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**     IN CHAMBERS - COURT ORDER

The Court is in receipt of a Notice of Removal filed by defendants Staples Contract and Commercial, Inc. and Staples, Inc. (collectively "Staples") and Mario Gutierrez ("Gutierrez") (collectively "Defendants"). Defendants assert that the Court has jurisdiction over this action on the basis of diversity. See 28 U.S.C. § 1332.

**I.     Background**

As alleged in the Complaint (Docket No. 1, Ex. A), Plaintiff Rodolfo Andrade ("Andrade") is a freight truck delivery driver residing in California. Beginning on July 8, 1996, Andrade was employed by a company called Corporate Express. Staples acquired Corporate Express in 2008, and Andrade continued to drive freight for Staples.

In November 2011, Gutierrez became Transportation Manager at the facility at which Plaintiff was based. In December 2011, Gutierrez reassigned Andrade from a Los Angeles route to an allegedly more difficult Newport Beach route. The Newport Beach route had previously been assigned to a younger driver. In February 2012, Defendants set a "stops per hour" goal for drivers that did not account for the relative difficulty of different routes. "Throughout the entire year of 2012," Gutierrez allegedly assigned Plaintiff, but no younger drivers, to do "ride-alongs" with supervisors.

In July 2013, Plaintiff had a meeting with Gutierrez and other Staples employees who allegedly "chided" Plaintiff that while he was on vacation, "we had another 'younger driver perform your route faster than you.'" The Complaint does not specify whether Gutierrez or another participant in the meeting made this comment. In February 2014, Gutierrez allegedly "reprimanded" Plaintiff "for being slower than younger, cheaper drivers." The Complaint fails to indicate whether Plaintiff simply inferred that Gutierrez was comparing him to younger drivers or Gutierrez actually referred to younger drivers in the reprimand. Following the meeting, another Staples supervisor allegedly "ridiculed Plaintiff and sarcastically told him 'I'm putting money on you' to make nine deliveries per hour." The Complaint does not specify whether Gutierrez had any knowledge of this exchange.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-7786 PA (Ex) | Date | October 9, 2014 |
|---|---|---|---|
| Title | Rodolfo Andrade v. Staples, Inc., et al. | | JS-6 |

      Finally, Plaintiff alleges that a 61-year-old colleague, Jose Gonzalez, and a 53-year-old colleague, John Kilmer, have been demoted in circumstances suggesting age discrimination. Plaintiff does not indicate whether these drivers are based at the same facility as Plaintiff or what role, if any, Gutierrez played in their demotions.

      On July 3, 2014, Plaintiff filed his Complaint for (1) harassment on the basis of age in violation of FEHA, California Government Code sections 12940 et seq.; (2) failure to provide meal breaks; (3) failure to provide rest breaks; (4) failure to provide accurate itemized wage statements; (5) failure to pay overtime wages; and (6) unfair competition in violation of California Business and Professions Code sections 17200 et seq. Plaintiff brings only the first cause of action (harassment on the basis of age) against Gutierrez.

      On October 7, 2014, Defendants filed their Notice of Removal. (Docket No. 1.) Defendants concede that both Plaintiff and Gutierrez are California citizens, but argue that Plaintiffs fraudulently joined Gutierrez to destroy diversity.

**II.**     **Legal Standard**

      "Federal courts are courts of limited jurisdiction," having subject matter jurisdiction only over matters authorized by the Constitution and Congress. See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391, 395 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). "The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." Prize Frize, Inc. v. Matrix (U.S.) Inc., 167 F.3d 1261, 1265 (9th Cir. 1999). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (citing Libhart v. Santa Monica Dairy Co., 592 F.2d 1062, 1064 (9th Cir. 1979)).

      To invoke this Court's diversity jurisdiction, Defendants must prove that there is complete diversity of citizenship between the parties and that the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. A natural person must be a citizen of the United States and be domiciled in a state to establish "state citizenship" for diversity purposes. Kantor v. Wellesley Galleries, Ltd., 704 F.2d 1088, 1090 (9th Cir. 1983). Persons are domiciled in the places they reside with the intent to remain or to which they intend to return. See Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001). "A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state." Id. For the purposes of diversity jurisdiction, a corporation is a citizen of any state where it is incorporated and of the state where it has its principal place of business. 28 U.S.C. § 1332(c); see also Indus. Tectonics, Inc. v. Aero Alloy, 912 F.2d 1090, 1092 (9th Cir. 1990).

      The Ninth Circuit has recognized an exception to the complete diversity requirement where a non-diverse defendant has been "fraudulently joined." Morris v. Princess Cruises, Inc., 236 F.3d 1061, 1067 (9th Cir. 2001). If a plaintiff "fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state, the joinder of the resident defendant is

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-7786 PA (Ex) | Date | October 9, 2014 |
|---|---|---|---|
| Title | Rodolfo Andrade v. Staples, Inc., et al. | | **JS-6** |

fraudulent." McCabe v. Gen. Foods Corp., 811 F.2d 1336, 1339 (9th Cir. 1987). If the Court finds that the joinder of a non-diverse defendant is fraudulent, that defendant's presence in the lawsuit is ignored for the purposes of determining diversity. See, e.g., Morris, 236 F.3d at 1067.

"There is a presumption against finding fraudulent joinder, and defendants who assert that plaintiff has fraudulently joined a party carry a heavy burden of persuasion." Plute v. Roadway Package Sys., Inc., 141 F. Supp. 2d 1005, 1008 (N.D. Cal. 2001). A claim of fraudulent joinder should be denied if there is any possibility that the plaintiff may prevail on the cause of action against the in-state defendant. See id. at 1008, 1012. "The standard is not whether plaintiffs will actually or even probably prevail on the merits, but whether there is a possibility that they may do so." Lieberman v. Meshkin, Mazandarani, No. C-96-3344 SI, 1996 WL 732506, at *3 (N.D. Cal. Dec. 11, 1996); see also Good v. Prudential Ins. Co. of Am., 5 F. Supp. 2d 804, 807 (N.D. Cal. 1998) ("[T]he defendant must demonstrate that there is no possibility that the plaintiff will be able to establish a cause of action in State court against the alleged sham defendant."). "In determining whether a defendant was joined fraudulently, the court must resolve 'all disputed questions of fact and all ambiguities in the controlling state law in favor of the non-removing party.'" Plute, 141 F. Supp. 2d at 1008 (quoting Dodson v. Spiliada, 951 F.2d 40, 42-43 (5th Cir. 1992)). A court should remand a case "unless the defendant shows that the plaintiff 'would not be afforded leave to amend his complaint to cure [the] purported deficiency.'" Padilla v. AT&T Corp., 697 F. Supp. 2d 1156, 1159 (C.D. Cal. 2009) (quoting Burris v. AT&T Wireless, Inc., No. C 06-02904 JSW, 2006 WL 2038040, at *2 (N.D. Cal. July 19, 2006)).

Harassment, under FEHA, "can take the form of discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment. Moreover, harassing conduct takes place outside the scope of necessary job performance, conduct presumably engaged in for personal gratification, because of meanness or bigotry, or for other personal motives." Rehmani v. Superior Court, 204 Cal. App. 4th 945, 951 (2012) (quotations and citations omitted). Unlike discriminatory conduct, harassment "often does not involve any official exercise of delegated power on behalf of the employer." Roby v. McKesson Corp., 47 Cal. 4th 686, 706 (2009). However, "in some cases the hostile message that constitutes the harassment is conveyed through official employment actions, and therefore evidence that would otherwise be associated with a discrimination claim can form the basis of a harassment claim." Id. at 708.

### III. Analysis

Defendants argue that Plaintiff's single cause of action against Gutierrez for harassment on the basis of age fails as a matter of law because "Plaintiff's allegations against Gutierrez detail nothing more than a series of alleged personnel management activity" that do not rise to the level of harassment. (Notice of Removal ¶¶ 26-33.) Defendants cite Janken v. GM Hughes Electronics for the proposition that "personnel management actions such as hiring and firing, job or project assignments, office or work station assignments, promotion or demotion, performance evaluations, the provision of support, the assignment or nonassignment of supervisory functions, deciding who will and who will not attend meetings, deciding who will be laid off, and the like, do not come within the meaning of harassment." 46 Cal. App. 4th 55, 64-65 (1996). Thus, Defendants argue, "the only tangentially age-based conduct

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-7786 PA (Ex) | Date | October 9, 2014 |
|---|---|---|---|
| Title | Rodolfo Andrade v. Staples, Inc., et al. | | **JS-6** |

Plaintiff attributes to Gutierrez is that Gutierrez allegedly reprimanded Plaintiff for being slower than younger, cheaper drivers."

Defendants do not satisfy their "heavy burden" to show that there is "no possibility" that Plaintiff can prevail on his harassment claim against Gutierrez.  First, Defendant has failed to show that Plaintiff cannot modify his Complaint to clarify that additional age-related comments, such as "we had another younger driver perform your route faster than you," were made by Gutierrez.  Second, Defendants ignore the California Supreme Court's guidance in Roby that "official employment actions [may] constitute[] the evidentiary basis of [a] harassment cause of action" where "the supervisor used those official actions as his means of conveying his offensive message."  47 Cal. 4th at 708.  The Court must resolve "all ambiguities in the controlling state law in favor of the non-removing party."  Plute, 141 F. Supp. 2d at 1008.  Therefore, Gutierrez's comments regarding Plaintiff's age, along with assignments, reprimands, and monitoring allegedly based on Plaintiff's age, give rise to a possibility that Plaintiff may prevail against Gutierrez on his harassment cause of action.

## Conclusion

For the reasons stated above, this Court determines that Defendant has failed to establish subject matter jurisdiction.  See 28 U.S.C. § 1447(c).  Accordingly, the Court remands this action to the Superior Court of the State of California for the County of Los Angeles, Central District, Case No. BC550778 for lack of subject matter jurisdiction.

IT IS SO ORDERED.